IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTT WILSON, | * | |
| Petitioner, | * | Criminal Action No. RDB-09-0036 |
| v. | * | Civil Action No. RDB-13-0302 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 5, 2010, *pro se* Petitioner Scott Wilson ("Petitioner" or "Wilson") pled guilty to arson in violation of 18 U.S.C. § 844(i) after burning down his business, fleeing from the scene, and threatening potential Government witnesses. (ECF Nos. 37 & 38.) On July 10, 2010, this Court sentenced Wilson to a term of two-hundred and forty (240) months incarceration and three (3) years of supervised relief. On November 4, 2011, the United States Court of Appeals for the Fourth Circuit affirmed this sentence. *United States v. Wilson*, 452 F. App'x 418 (4th Cir. 2011). On January 28, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this Court subsequently denied. (ECF Nos. 83, 122.) Now pending before this Court are the following motions filed by Wilson: a Motion for Clarification of Order (ECF No. 86); a Motion to Alter or Amend Judgment (ECF No. 124); a Motion to Challenge Jurisdiction (ECF No. 130); two Motions for an Order dismissing without prejudice separate Motions to Challenge Jurisdiction (ECF Nos. 131, 132); and a Motion for Appointment of Attorney for Limited Purposes. (ECF No. 140.)

1

This Court has reviewed Wilson's submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Petitioner's Motion for Clarification of Order (ECF No. 86) is DENIED AS MOOT[1]; the Motion to Alter or Amend Judgment (ECF No. 124) is DENIED; the Motion for an Order dismissing without prejudice the Motion to Challenge Jurisdiction (ECF No. 131) is GRANTED, and therefore the Motion to Challenge Jurisdiction (ECF No. 130) is DISMISSED WITHOUT PREJUDICE; the Motion for an Order dismissing without prejudice a separate, never-filed Motion to Challenge Jurisdiction (ECF No. 132) is DENIED; and the Motion for Appointment of Attorney for Limited Purposes (ECF No. 140) is DENIED.

## BACKGROUND

The facts of this case, as set forth in Petitioner's plea agreement, were previously addressed in an Opinion of the Fourth Circuit and this Court's prior Memorandum Opinion. *See United States v. Wilson*, 452 F. App'x 418, 419-20 (4th Cir. 2011); *Wilson v. United States*, RDB-09-0036, RDB-13-0302, 2015 WL 1401754, at *1-2 (D. Md. March 24, 2015). To provide context for Wilson's pending Motions, this Court will briefly recount these facts and the procedural posture of this case.

Wilson and his wife, Sarah Manning, ran a business at their primary residence until her death in 2007. *Wilson*, 452 F. App'x at 419. After her death, Wilson became embroiled in a legal dispute with his wife's family over her estate. *Id.* On October 31, 2008, shortly after the

---

[1] On February 11, 2013, Wilson filed this Motion (ECF No. 86) seeking to clarify certain filing deadlines associated with his Motion to Vacate, Set Aside, or Correct Sentence. Notwithstanding any confusion surrounding these deadlines, this Court permitted full briefing on Petitioner's Motion and considered these submissions when reaching its ruling. Accordingly, Petitioner's Motion for Clarification (ECF No. 86) is DENIED AS MOOT.

2

Circuit Court for Howard County, Maryland issued a ruling adverse to his interests in the estate, Wilson deliberately set fire to the house. *Id.* When the Howard County Fire Department responded to the fire, Wilson used his vehicle to escape, narrowly avoiding a collision with a firefighter. (Plea Agreement, ECF No 37.) On December 31, 2008, he poured screws and glass on the driveaway of Priscilla Manning Ford, his sister-in-law, and a potential Government witness *Wilson*, 452 F. App'x at 419. On January 8, 2009, he called his mother-in-law, Mary Lou Manning, and threatened to kill her and her grandchildren. *Id.* He then called John Manning, Jr., his brother-in-law, and threatened to kill him. *Id.* at 420. They, too, were potential witnesses. (ECF No. 37.)

On January 9, 2009, United States Magistrate Judge Paul W. Grimm of this Court issued a criminal complaint against Petitioner for arson in violation of 18 U.S.C. § 844(i). (ECF No. 1.) On January 22, 2009, Petitioner was indicted by a federal grand jury for arson in violation of 18 U.S.C. § 844(i). (ECF No. 8.) On February 19, 2009, the grand jury returned a Superseding Indictment charging Petitioner with one count of arson in violation of 18 U.S.C. § 844(i), and two counts of obstruction of justice in violation of 18 U.S.C. § 1512. (ECF No. 12.)

On February 5, 2010, Petitioner pled guilty to Count One of the Superseding Indictment, charging him with arson in violation of 18 U.S.C. § 844(i). (ECF No. 37.) Pursuant to the plea agreement, Count Two and Count Three of the Superseding Indictment were dismissed on the Government's motion. (ECF No. 51.) On July 10, 2010, Petitioner was sentenced by this Court to a term of two-hundred and forty (240) months incarceration and three (3) years of supervised release. (ECF No. 49.) Petitioner was ordered to pay

3

$147,247.46 in restitution and a $100.00 special assessment. (ECF No. 49.) Judgment on Petitioner's sentence was entered on August 4, 2010. (ECF No. 51.)

Wilson has previously advanced two unsuccessful challenges to his sentence. On August 10, 2010, Petitioner filed a timely Notice of Appeal in the United States Court of Appeals for the Fourth Circuit. (ECF No. 53.) On November 4, 2011 the Fourth Circuit affirmed the Judgment of this Court. (ECF No. 67.) On January 28, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this Court subsequently denied. (ECF No. 83.) On April 20, 2015, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that this Court should have held an evidentiary hearing before ruling on the Motion.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

4

(footnote omitted). Here, Wilson served his Motion for Reconsideration, expressly pursuant to Rule 59(e), by mail on April 17, 2015. This Court entered its Order denying Wilson's Section 2255 motion on March 24, 2015. Therefore, Wilson's Motion was timely under Rule 59(e).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[2] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must

---

[2] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

... strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

I. **Wilson's Motion for Reconsideration is denied because he was not Entitled to an Evidentiary Hearing.**

In his Rule 59(e) Motion for Reconsideration, Wilson argues that this Court committed a "clear error of law" by ruling on his actual innocence and ineffective assistance of counsel claims without conducting an evidentiary hearing. Specifically, Wilson contends that this Court improperly resolved issues of credibility when it determined that the he was not actually innocent of this crime and that his counsel was not ineffective.

This Court, again, recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson*, 551 U.S. at 94. Section 2255 of the United States Code allows for an evidentiary hearing unless the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255. As this Court recently explained in *Flood v. United States*, 345 F. Supp. 3d 599, 613-14 (D. Md. 2018):

> An evidentiary hearing is required to "determine the issues and make findings of fact and conclusions of law" "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For example, "an evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." *United States v. Blondeau*, 480 F. App'x 241, 242 (4th Cir. 2012). Notwithstanding this, "it is settled that "evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the

petitioner to demonstrate that an evidentiary hearing is warranted." *Moncrieffe v. United States*, No. 1:07CR177, 2012 WL 488259, at *4 (E.D. Va. Feb. 13, 2012) (internal citations omitted).

This Court did not need to conduct an evidentiary hearing in this case because its ruling was based on a legal determination, rather than its assessment of the evidence presented in connection with Petitioner's Motion to Vacate. To support his Motion to Vacate and Correct Sentence, Wilson relied on a faulty interpretation of *Jones v. United States*, 529 U.S. 848 (2000). Under a misreading of this case, Wilson contended that, to secure a conviction pursuant to 18 U.S.C. § 844(i), the Government would need to prove that he had been actively using his home to advance his business interests at the time he decided to burn it down. (ECF No. 99, at 18, 57.) Based on this understanding, Wilson claimed that he was "actually innocent" of arson because he had ceased using his home as a locus for business pursuits before the time of the fire. (*Id.* at 3.) Wilson additionally faulted his attorney for failing to pursue a litigation strategy grounded in this misapprehension of *Jones*. (*Id.* at 102.)

This Court denied Wilson's Motion to Vacate, reasoning that, under a correct understanding of *Jones*, Wilson had admitted to facts in his guilty plea agreement and during his Rule 11 hearing which amounted to violations 18 U.S.C. § 844(i). As this Court explained, to convict a defendant for a violation of Section 844(i), the Government must prove that the immolated property "was used in or affecting interstate or foreign commerce." In *Jones*, the Court found that a purely residential property which had only been "used" by its homeowner to secure a mortgage, obtain casualty insurance, and receive natural gas from out-of-state sources could not form the basis of a conviction under Section 844(i). *Id.* at 855-57. Concerned that too broad a reading of Section 844(i) would "make virtually every arson in the

7

country a federal offense," the Supreme Court held that "Section 844(i)'s use-in-commerce requirement is most sensibly read to mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." *Id.* at 855-59.

Subsequent decisions of the United States Courts of Appeals have cautioned against the overly-literal reading of *Jones* that petitioner advances. As the United States Court of Appeals for the First Circuit has explained, *Jones* does not require that the burned building must be "open for business at the precise moment in time when the match is struck." *United States v. Troy*, 618 F.3d 27, 32 (1st Cir. 2010); *see also United States v. Iodice*, 525 F.3d 179, 184 (2d Cir. 2008) (holding that burning a diner which had had been vacant for one and a half years, and likely would remain vacant for at least six additional months, nevertheless satisfied the interstate commerce requirement of Section 844(i)).

In this case, Wilson admitted to burning down a property which he had used to conduct a computer recycling business. In his plea agreement, Wilson admitted that 7202 Mink Hollow Road, the site of the fire, was the listed business address for Subtractions LLC, a company servicing the D.C., Maryland, and Virginia areas. (ECF No. 37.) He acknowledged that there were several Subtractions, LLC business vehicles registered to the same address. *Id.* Finally, he admitted that he had "maintained a space" at this address for the business. *Id.* While *Jones* had foreclosed Section 844(i) convictions based on the burning of a "purely residential" structures with merely a "passive, passing, or past connection" to commerce, Wilson's sworn statements at his Rule 11 hearing clearly indicated that the building he ignited had a significant connection to interstate commerce, even if business at Subtractions, LLC was not on-going as of the date of the fire. Furthermore, to the extent that Wilson attempts to allege new facts

8

which contradict these assertions, these contentions are meritless. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.").

In his Motion to Vacate, Wilson additionally argued that his trial counsel had (1) failed to investigate the law; (2) failed to contact relevant witnesses; and (3) provided misleading advice concerning the Government's plea offer. This Court concluded that each of these contentions were meritless, as they were all grounded in Wilson's misguided understanding of *Jones*. As this Court previously explained, trial counsel's decision not to build a litigation strategy around Wilson's strained view of *Jones* did not render him ineffective, but was rather a "sound trial strategy." *Strickland v. Washington*, 466 U.S. 688, 689 (1984). As this ruling was grounded in a legal—rather than factual—determination, an evidentiary hearing was not required. Accordingly, Wilson's Motion for Reconsideration is DENIED.

## II. Wilson's Motion to Challenge Jurisdiction is Dismissed without Prejudice.

On October 21, 2015 Wilson filed a Motion to Challenge Jurisdiction, arguing that this Court lacked jurisdiction over his criminal case. (ECF No. 130.) Subsequently, on March 31, 2016, Wilson filed two motions seeking to withdraw prior filings. (ECF Nos. 131 and 132.) The first of these (ECF No. 131) seeks dismissal of a Motion to Challenge Jurisdiction filed on October 21, 2015. This Motion (ECF No. 131) is GRANTED, and the Motion to Challenge Jurisdiction (ECF No. 130) is DISMISSED WITHOUT PREJUDICE. The second of these Motions (ECF No. 132), seeks dismissal of a Motion to Challenge/or Demand to

Prove Territorial Jurisdiction filed on or about October 14, 2015. This Court has no record of such a Motion ever being filed. Accordingly, this Motion (ECF No. 132) is DENIED.

### III. Wilson's Motion for Appointment of Attorney for Limited Purposes is Denied.

There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, Wilson's sole basis for requesting counsel is to enlist the aid of an attorney to analyze "whether he may qualify for federal habeas relief . . . in light of the recent Supreme Court decision in *Sessions v. Dimaya*, [138 S. Ct. 1204 (2018)]."[3] Wilson provides no case law to support his argument that he is entitled to an attorney to assess the applicability of *Dimaya* to his case. Accordingly, Wilson's Motion is DENIED.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion for Clarification of Order (ECF No. 86) is DENIED AS MOOT; the Motion to Alter or Amend Judgment (ECF No. 124) is DENIED; the Motion for an Order dismissing without prejudice the Motion to Challenge Jurisdiction (ECF No. 131) is GRANTED, and therefore the Motion to Challenge Jurisdiction (ECF No. 130) is DISMISSED WITHOUT PREJUDICE; the Motion for an Order dismissing without prejudice a separate, never-filed Motion to Challenge Jurisdiction (ECF

---

[3] In *Dimaya*, the United States Supreme Court held that the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony, 8 U.S.C. § 1101(a)(43), was impermissibly vague in violation of due process. *Dimaya*, 138 S. Ct. at 1223.

No. 132) is DENIED; and the Motion for Appointment of Attorney for Limited Purposes (ECF No. 140) is DENIED.

A separate Order follows.

Dated: February 28, 2019

_____
Richard D. Bennett
United States District Judge